**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

SHIPPING and TRANSIT, LLC,

Plaintiff,

**Case No. _______**

vs.

**DEMAND FOR JURY TRIAL**

STATE LOGISTICS SERVICES, INC.,

Defendant.
_________________________________/

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Shipping and Transit, LLC, by and through its undersigned counsel, hereby sues Defendant, STATE LOGISTICS SERVICES, INC. ("STATE LOGISTICS"), for patent infringement, and in support, alleges as follows:

**NATURE OF THE LAWSUIT**

1. This is an action for patent infringement of United States Patent Numbers: 6,415,207, 6,904,359, 6,763,299, 7,400,970 arising under the patent laws of the United States, Title 35 of the United States Code.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over STATE LOGISTICS pursuant to, *inter alia*, Florida's long-arm statute, § 48.193, in that STATE LOGISTICS: (a) operates, conducts, engages in, and/or carries on a business or business adventure(s) in Florida and/or has an office or agency in Florida; (b) has committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed

itself of Florida's laws, services and/or other benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

**THE PLAINTIFF**

5. Plaintiff, Shipping and Transit, LLC, is a Florida Limited Liability Company with a principal place of business located in Boynton Beach, Florida.

**THE DEFENDANT**

6. Defendant, STATE LOGISTICS, is a California Corporation with a principal place of business located in Buena Park, California. Upon information and belief, STATE LOGISTICS transacts business in Florida and within this Judicial District, and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services and/or products that infringe claims of the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents.

**THE PLAINTIFF'S PATENTS**

7. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 6,415,207 (the "207 patent"), entitled "System and Method for Automatically providing vehicle status information", issued July 2, 2002. A copy of the '970 patent is attached hereto as Exhibit 1.

8. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 6,904,359 ("the '359 patent"), entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005. A copy of the '359 patent is attached hereto as Exhibit 2.

9. The ‘359 patent referenced in Paragraph 8 above was the subject of an Inter Partes Reexamination at the United States Patent and Trademark Office. A Reexamination Certificate was issued on May 25, 2010 and is attached hereto as Exhibit 3.

10. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 6,763,299 (the "299 patent”), entitled "Notification systems and methods with notification based upon prior stop locations", issued July 12, 2004. A copy of the ‘299 patent is attached hereto as Exhibit 4.

11. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 7,400,970 (“the ‘970 patent”), entitled “System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle”, issued July 15, 2008. A copy of the ‘970 patent is attached hereto as Exhibit 5.

## COUNT I
## DIRECT PATENT INFRINGEMENT

12. Plaintiff hereby incorporates Paragraphs 1 through 11 set forth above as if fully set forth herein.

13. Pursuant to 35 U.S.C. § 271(a), STATE LOGISTICS has directly infringed claims of the '207, '359, '299, and '970 patents through, among other activities, the commercial manufacture, sale, offer for sale, and/or use of its **"Shipment Tracking and Alerts"** ("Defendant's Systems") functions, applications, solutions, devices, programs, products, services, methods and/or systems which utilize tracking and messaging technologies that are protected within the '207, '359, '299, and ‘970 patents, as every claim limitation, or its equivalent, is found in these functions, applications, solutions, devices, programs, products, services, methods and/or systems.

14. At a minimum, the Defendant's Systems in question infringe claims 1 and 8 of the '970 patent, in as much as it allows a user to track the movement of a vehicle that allows Defendants customers real-time access to their shipments, and communicates a notification to a user of the vehicle's status through automated email updates.

15. STATE LOGISTICS' direct infringement has injured and will continue to injure Plaintiff unless and until a monetary judgment is entered in favor of Plaintiff and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '207, '359, '299, and '970 patents.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against STATE LOGISTICS and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with STATE LOGISTICS, granting the following relief:

A. An award of damages against STATE LOGISTICS adequate to compensate Plaintiff for the infringement that has occurred with respect to STATE LOGISTICS, together with prejudgment interest from the date that STATE LOGISTICS' infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiff its attorney's fees and costs as provided by 35 U.S.C. § 285;

D. All other relief as the Court or a jury may deem proper and just in this instance.

**COUNT II**
**INDIRECT PATENT INFRINGEMENT**

16. Plaintiff hereby incorporates Paragraphs 1 through 11 set forth above as if fully set forth herein.

17. Pursuant to 35 U.S.C. §§ 271(b) and (c), STATE LOGISTICS has indirectly infringed claims of the '207, '359, '299, and '970 patents through, among other activities, the commercial manufacture, sale, offer for sale and/or use of its **"Shipment Tracking and Alerts"** ("Defendant's Systems") functions, applications, solutions, devices, programs, products, services, methods and/or systems which utilize tracking and messaging technologies that are protected within the '207, '359, '299, and '970 patents, as STATE LOGISTICS actively and intentionally induced infringement with knowledge that the induced acts constituted infringement, or acted with willful blindness; and/or contributed to infringement by one or more third parties as STATE LOGISTICS had knowledge, rather than intent, that its activity caused such infringement.

18. At a minimum, the Defendant's Systems in question infringe claims 1 and 8 of the '970 patent, in as much as it allows a user to track the movement of a vehicle that allows Defendants customers real-time access to their shipments, and communicates a notification to a user of the vehicle's status through automated email updates.

19. STATE LOGISTICS' contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiff unless and until a monetary judgment is entered in favor of Plaintiff and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the ‘970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against STATE LOGISTICS and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with STATE LOGISTICS, granting the following relief:

A. An award of damages against STATE LOGISTICS adequate to compensate Plaintiff for the infringement that has occurred with respect to STATE LOGISTICS, together with prejudgment interest from the date that STATE LOGISTICS' infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiff its attorney's fees and costs as provided by 35 U.S.C. § 285;

D. All other relief as the Court or a jury may deem proper and just in this instance.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 15, 2016.

Respectfully submitted,

/s/ Jason P. Dollard
Jason P. Dollard, Esq.-Of Counsel
Florida Bar Number: 39044
Leslie Robert Evans & Associates
214 Brazilian Avenue, Suite 200
Palm Beach, Florida 33480
Telephone: (561) 832-8288
Facsimile: (561) 832-5722
Email: jdollard@lrevanspa.com;
jdollard@jpdesq.com
**Counsel for Plaintiff**